evidence against all the world of that fact. But that
in this case the decree did not state, as the ground of
decision, that the vessel was enemy's property, nor
was it necessarily to be inferred from any thing in
the decree that such was the ground of the condem-
nation. The court only stated the evidence produced,
but drew no conclusion from it. That the evidence
was not such as to authorise this court to determine
on what grounds the admiralty court adjudged the
vessel a good prize.

THE COURT adopted the arguments of the counsel
of the defendants, and thought the sentence of the
admiralty court read in this cause, was too ambigu-
ous and obscure to enable them to ascertain, with suf-
ficient precision, on what ground the decree was
founded; enough did not appear, to satisfy them that
the sentence proceeded on the ground of the brig's
being enemy's property, of course there was no
breach of warranty; and the court were of opinion,
from what appeared in the trial, that the underwriters
were answerable, and that the plaintiffs, as holders of
the policy, by the usage of trade, must have recourse
to them in the first instance.

After this opinion was given, the plaintiff's counsel
thought it best to suffer a nonsuit.

Cases cited in the argument. *Park. on Insur.* 358,
360, and the cases there cited. *Calvert and Bovill,* 7
*T. R.* 523. *Geyer vs. Aguilar,* 7 *T. R.* 681.

## GENERAL COURT, MAY TERM, 1801.

### SMITH *vs.* WILLIAMSON.

APPEAL from a judgment in an action of *replevin* Right of pos-
for slaves, rendered in Calvert county court, for the session only, ne-
cessary to support
plaintiff below. The replevin was issued on the 17th A father is the na-
tural guardian of
his children, and where they have no other guardian, may maintain replevin for their personal
property.
This he may do, though the children be females, and upwards of sixteen and under twenty one
years of age, at the time the property is taken from them, or at the institution of the suit.
Limitations in replevin cannot be taken advantage of unless pleaded.

Right of pos-
session only, ne-
cessary to support
an action of re-
plevin.
A father is the na-
tural guardian of
his children, and where they have no other guardian, may maintain replevin for their personal
property.
This he may do, though the children be females, and upwards of sixteen and under twenty one
years of age, at the time the property is taken from them, or at the institution of the suit.
Limitations in replevin cannot be taken advantage of unless pleaded.

MAY 1801
Gray
vs.
Swan,

of October 1799, and the defendant pleaded the general issue pleas.

1. The plaintiff below, (the present appellee,) at the trial, proved that *William Lyles* was in 1779, the owner of the slaves mentioned in the declaration. That his daughter *Elizabeth* intermarried with the plaintiff in that year, and that *Lyles* gave said slaves to his daughter, upon her marriage. That about the year 1782, the plaintiff reconveyed the slaves to *Lyles*. That in the month of May 1783, *Lyles* gave the slaves to the children of the plaintiff by said *Elizabeth* his daughter, to wit, *Elisha, Martha* and *Eleanor*; that thereupon the said slaves, were for five years in the possession of the plaintiff, as the father and natural guardian of his said children; and that after the death of *Elizabeth*, the plaintiff's wife, which happened in 1788, *Lyles* took the negroes again into his possession, and retained them until the time of his death in 1790; that during this last period, *Lyles*, from his own confession, was to pay the sum of 3l. a year to the plaintiff for the use of his said children, as a hire for the negroes, and had admitted that they were the property of the said children. The plaintiff also proved, that in 1790 he claimed the said negroes of the executrix of *Lyles*, and that the executrix and the plaintiff agreed to refer the dispute or claim to the negroes to arbitrators; that accordingly an agreement to that effect was drawn, but not executed, and nothing farther was done between them. That said executrix, and those claiming under her, retained possession of the negroes from the death of *Lyles* until the institution of the present action. Whereupon the defendant prayed the opinion of the court, and their instruction to the jury, that if they should be of opinion, from the evidence offered, that the negroes mentioned in the declaration were the slaves and property of the children of the plaintiff at the time this action was instituted, that then the plaintiff was not entitled to recover; and that their verdict should be for the defendant. But the county court, (*Stone*, Ch. J.) refused to give that opinion and instruction. But directed the jury,

that if they found that the plaintiff had, at the time of bringing this action, and hath the right to the possession of the negroes mentioned in the declaration, that he can recover in this action; and if the jury find that the said negroes were and are the property of the infant children of the plaintiff as aforesaid, and that no other person was or is guardian, or had the care and custody of the said children, and their property, that then the plaintiff, being the natural guardian of the said children, may maintain this action. The defendant excepted.

2. The defendant then offered evidence to prove, that the said *Martha*, one of the said children of the plaintiff, was dead, and that she died in 1791; that the said *Eleanor*, another of the said children, was born about the year 1780, and that the said *Elisha*, the other of the said children, was born about the year 1788. Whereupon the defendant prayed the opinion of the court, and their instruction to the jury, that if they were of opinion, from the evidence offered, that the said *Eleanor* was upwards of sixteen years of age at the time this action was brought, that in such case the plaintiff was not entitled to recover in this cause. But the county court, (*Stone*, Ch. J.) refused to give the opinion as prayed; but was of opinion, and so directed the jury, that if they found that the said *Martha* was dead, and that she died in the year 1791, and that the said *Eleanor* was not sixteen years of age when the taking of the negroes aforesaid happened, nor twenty-one years of age when this action was brought, and that the said *Elisha* was not sixteen years of age when this action was brought, that the plaintiff may well maintain his action. The defendant excepted.

*A father, being the natural guardian of his children, may maintain replevin for their property, though the children be females, and upwards of sixteen and under twenty-one years of age, at the time the property is taken from them, or at the institution of the suit.*

3. The defendant gave in evidence to the jury, that in 1793, *Mary Lyles*, the executrix of *William Lyles*, was in the actual possession of the negroes mentioned in the declaration; that in that year she sold the said negroes to the defendant for the sum of £50; that the purchase money was paid for the said negroes by the

*Limitations in replevin cannot be taken advantage of unless pleaded,*

MAY 1801

Smith
vs
Williamson

defendant; that from the year 1793 to the issuing of the writ in this cause, the defendant was in the actual adversary possession of the said negroes, claiming them and using them as his own; and that during all that time the plaintiff in this action was not under any of the savings mentioned in the *third section* of the act of assembly, entitled, "An act for limitation of certain actions, for avoiding suits at law," passed in the year 1715, *ch.* 23. Whereupon the defendant prayed the opinion of the court, and their instructions to the jury, that if they should be of opinion, from the evidence offered, that the defendant had been in the actual adversary possession of the said negroes by the purchase aforesaid, from the year 1793 to the issuing of the original writ in this cause, that during all that time the defendant resided in Calvert county in this state, and that during the time aforesaid the plaintiff was resident in this state, and was not under any of the disabilities, and did not prove himself under any of the savings mentioned in the act of assembly aforesaid, that then the plaintiff was not entitled to recover in this action. But the county court, (*Stone,* Ch. J.) refused to give the opinion and direction as prayed; but was of opinion, and so directed the jury, that inasmuch as the *act of limitations* is not pleaded in this cause, that the adversary possession aforesaid of the defendant is no bar to the plaintiff in this action. The defendant excepted. Verdicts and judgment being for the plaintiff, the defendant appealed to this court.

*Gantt,* for Appellant.
*Kilty* and *Johnson,* for the Appellee.

The General Court *affirmed* the judgment of the County Court, concurring with that court in the opinions expressed in all the bills of exceptions.